CASE 71—PETITION ORDINARY—JANUARY 25.

# White v. Cincinnati, &c., Railway Company.

APPEAL FROM GRANT CIRCUIT COURT.

RAILROADS—DEFECTIVE PLATFORM.—A railroad company is bound to keep its platforms and approaches, essential to travel or shipment, in a safe condition, and it can not protect itself from liability for an injury resulting from its failure to perform this duty, upon the ground that the person injured knew the platform or approach was defective.

The plaintiff, who was injured by the falling of a defective platform while he was assisting his employer, a shipper over defend-

ant's road, in loading stock on its cars, is entitled to recover, although he had knowledge of the fact that the platform was defective.

J. J. LANDRAM FOR APPELLANT.

1. It was the duty of the railroad company to keep the apron in repair; and its failure to repair, after knowledge of the defect, constituted gross neglect. (Wharton on Negligence, section 564; Brainerd v. Railroad Company, 48 Vt., 107; Allender v. Railroad Company, 43 Iowa, 276; Ky. Central Railroad Co. v. Gastineau's Adm'r, 83 Ky. 128.)

2. Contributory negligence will not prevent the plaintiff from recovering, unless, for this negligence, the injury would not have occurred; or, if the defendant, by the exercise of ordinary care, could have avoided the consequences of plaintiff's negligence. (Saunders on Negligence, p. 58; Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 90; L., C. & L. Railroad Co. v. Sullivan, 81 Ky., 630.)

C. C. CRAM OF COUNSEL ON SAME SIDE.

C. B. SIMRALL FOR APPELLEE.

1. In a proper case, the court may peremptorily instruct the jury to return a verdict for defendant. (Jarman v. Howard & Co., 3 Marsh., 384; Shay v. R. & L. Turnpike Co., 1 Bush, 108; L. & P. Canal Co. v. Murphy's Adm'r, 9 Bush, 534; United Society of Shakers v. Underwood, 11 Bush, 276; Pollock's Adm'r v. Louisville, 13 Bush, 221; Tubb's Adm'r v. Cin. Railroad Co., MS. Op., Jan. 26, 1886; Wilsey v. L. & N. Railroad Co., 83 Ky., 512.)

Such a motion is proper, even in a case where testimony has been offered by both sides. (Wilsey v. L. & N. R. Co., 83 Ky., 512.)

2. In an action for personal injuries, by reason of defective machinery on premises, the plaintiff must not only allege, but also prove, that the danger or defect was known to the defendant, *and not known to the plaintiff.* (Bogenschutz v. Smith, 84 Ky., 331.)

3. There can be no recovery for an injury caused by the mutual default of both parties. When it can be shown that it would not have happened, except for the culpable negligence of the party injured concurring with that of the other party, no action can be maintained. (Beach on Contributory Negligence, section 7, and cases cited; Sullivan v. Bridge Co., 9 Bush, 81; Jacobs v. Louisville, &c., Railroad Co., 10 Bush, 263; Louisville, &c., Railroad Co., v. Collins, 2 Duv., 114; Louisville, &c., R. Co. v. Robinson, 4 Bush, 507; Louisville, &c., Railroad Co. v. Goetz, 79 Ky., 442; Ky. Cen. R. Co. v. Lebus, 14 Bush, 518; Paducah R. Co. v. Hoehl, 12 Bush, 41; Wharton on Negligence, section 300, and cases cited; *Id.*, sec 332; Shearman &

Redfield on Negligence, section 25, and cases cited; 2 Thompson on Negligence, p. 1146; Smith on Negligence, p. 227; Pollock on Torts, p. 374; Wood on Master and Servant, section 319, and cases cited; Smith on Master and Servant, p. 344; Patterson on R'y Accident Law, page 45, and cases cited; Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 81.)

DeJARNETTE & DICKERSON of counsel on same side.

JUDGE HOLT delivered the opinion of the court.

The appellant sues for damages for injuries sustained by him while assisting his employer, a shipper over the appellee's road, in loading stock at night upon its cars. The apron or platform connecting the stock chute with the car into which the cattle were being driven gave way, precipitating the appellant against the side of the car. The evidence tends to show that the apron was too short—not long enough to lap sufficiently far over on either the chute or the car to insure safety to one upon it; that it was not fastened to the chute by hinges or otherwise, as is usual, and had been out of repair for a considerable time; that all this was known to the company through its agents previous to the time of the injury, but was likewise known to the appellant. It further appears that the station where the accident occurred was the nearest and most convenient point for shipping the stock, and that but the one chute and apron were provided by the company.

The lower court, at the close of the appellant's testimony, peremptorily instructed the jury to find for the company, upon the ground, as is admitted in argument, that the appellant was aware of the defective condition of the platform, and could not, therefore,

White v. Cincinnati, &c., Railway Company.

recover   Such an instruction should not be given, un-
less, conceding the truth of the evidence offered, and
of every fact which it conduces to prove, the party
has no case.   It is contended that the knowledge of
the appellant, prior to the time of the injury, of the
unsafe condition of the platform, forbids a recovery.
If so, the action of the trial court was correct.   Let
us see.   It is not properly a question of contributory
negligence.   It is not claimed, and there is no testi-
mony tending to show, that the appellant was negli-
gent in the manner of using the platform.   So far as
appears, it was the usual and careful use of it, but
the trouble consisted in the fact that it was defective.
The rule is well settled by a uniform current of de-
cisions, so numerous that citation is unnecessary, that
a railroad must keep its platforms and approaches to
which the public do, or will naturally, resort in doing
business with it, in a safe condition for such use.
This is one of the duties it owes to the public.   It
goes hand in hand with its franchises and extraordi-
nary privileges.   The appellant had a right to be
where he was, and engaged as he was, when he was
injured.   The company had invited his presence by
holding itself out as a carrier of stock.   It had im-
pliedly said to the public, the platform is safe for
the purposes intended, if reasonable care be exer-
cised in its use.   It is said, however, the appellant
knew this was not true, and that he, therefore, used
it at his peril. ' This is, however, unlike the case of
a servant against the master for an injury caused by
a defective state of the machinery or premises, or ma-
terials provided by the latter for the work of the

former. The master is not bound to employ the servant. The latter can not dictate to him in this respect. Not only the duty rested upon the company, however, so long as it held itself out to the public as a carrier, of providing safe appliances for such purpose, but the public had a right to demand it, and to use its road for travel and shipping purposes. It was bound to keep its platforms and approaches, essential to travel or shipment, in a safe condition; and public policy forbids that it should be allowed to protect itself from liability for injurious consequences resulting to persons from its failure to perform this important duty upon the ground that they knew the platform or approach was defective. Suppose a passenger platform at a depot is defective. A person desiring to take passage knows it. Is he, therefore, to forego going, or else take the risk of injury without remedy, notwithstanding the exercise of reasonable care upon his part in attempting to board the train? Surely not. In this case the company had provided but the one chute and the one apron for the shipment of stock at the station. It was inviting patronage in this way by the public, although it knew the means provided for the purpose were unsafe. Under such circumstances was the owner of the stock to be compelled to take them elsewhere for shipment, or the appellant to refuse employment because of knowledge of the defective condition of the platform?

A very different case would be presented where one contributed to his own injury by carelessness upon his part in the use of the defective platform. He

can not complain where, but for his own neglect in the manner of using it, the injury would not have occurred. In such a case there is a co-operating cause of injury upon his part. Here there is none; but the railroad company invites the shipper to ship his stock. It holds itself out as furnishing safe means for the purpose, and, although he makes a prudent and usual use of them, yet, after he has been injured, it says to him, there is no liability upon our part, because you knew we were not doing what we professed to the public. It can not be heard to rely upon the failure of a duty so important to the public. It is the duty, for instance, of a railroad company to keep its depot lighted at night, that entrance and exit may be safe. Suppose a person desires to take passage at a certain place, and upon reaching the depot he finds that this has not been done. The situation is such that he must enter the depot to take passage, or decline to go, however important his business. He accordingly enters, and, while prudently, and as best he can, making his way in the darkness, falls and is injured by something carelessly placed in the way by the company. Will it be contended that the company could shield itself by saying, you knew there was no light in the depot, and if you had kept out of there no injury would have resulted?

If one have notice of a defect in a highway, making it dangerous for travel, this does not *per se* make a careful and usual use of it by him negligent. We do not, of course, mean to hold that one may, by recklessly rushing into danger, or by his own culpable negligence in the use of the appliances provided

by the railroad company, directly produce the injury, and then hold the company liable; but as he must of necessity use them, or forego travel or the transportation of his property, he should not be remediless, although he may know of their defective condition, if he is injured when using them for these purposes in a prudent and the usual manner. Any other rule would leave the public at the mercy of the railroad companies. They, knowing the traveler or shipper, in this day of wonderful advance and improvement, is compelled to use their roads, or forego travel or the shipment of his property, could, by their agents, inform him of the defective condition of their appliances for travel, and then be exempt from liability for his injury by reason thereof, although still inviting him to use them, and although he has been injured when doing so in a prudent and the usual manner.

Public safety and the proper management of this now almost universal mode of travel and shipment forbid the adoption of a different rule from the one we have indicated.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.